1   MICHAEL R. REESE (CA SBN 206773)
    mreese@reeserichman.com
2   KIM E. RICHMAN
    kim@reeserichman.com
3   BELINDA L. WILLIAMS
    belinda@reeserichman.com
4   **REESE RICHMAN LLP**
    875 Sixth Avenue, 18th Floor
5   New York, New York, 10001
    Telephone:  (212) 643-0500
6   Facsimile:   (212) 253-4272

7   Attorneys for Plaintiff
    AMNON ROSEN, on behalf of himself and all others similarly
8   situated

9   WILLIAM L. STERN (CA SBN 96105)
    wstern@mofo.com
10  JANELLE J. SAHOURIA (CA SBN 253699)
    jsahouria@mofo.com
11  **MORRISON & FOERSTER** LLP
    425 Market Street
12  San Francisco, California  94105-2482
    Telephone: 415.268.7000
13  Facsimile: 415.268.7522

14  Attorneys for Defendant
    CONOPCO, INC. (sued herein as UNILEVER UNITED
15  STATES, INC.)

16              UNITED STATES DISTRICT COURT

17      NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

18

19
    AMNON ROSEN, on behalf of himself and all      Case No.    C-09-02563 JW
20  others similarly situated,
                                                    **CLASS ACTION**
21                      Plaintiff,
                                                    **JOINT CASE MANAGEMENT
22          v.                                      CONFERENCE STATEMENT AND
                                                    PROPOSED ORDER**
23  UNILEVER UNITED STATES, INC.,
                                                    Date:          December 14, 2009
24                      Defendant.                  Time:          10:00 a.m.
                                                    Courtroom:     Hon. James S. Ware
25

26

27

28

1    Pursuant to Civil Local Rule 16-9, the parties to the above-entitled action jointly submit

2    this Joint Case Management Statement in advance of the Initial Case Management Conference

3    scheduled for December 14, 2009.

4    **I.      JURISDICTION AND SERVICE**

5    The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).

6    Venue is proper in this district pursuant to 28 U.S.C. § 1391(a)(1) and (2).  All parties have been

7    served.  Plaintiff intends to join additional parties once discovery is complete.  *See* Part V, below.

8    The entity sued is Unilever United States, Inc. ("Unilever").  Defendant contends that the

9    correct party should be Conopco, Inc.  The parties will meet and confer and try to reach a

10   stipulation regarding this issue.

11   Unilever has not asserted counterclaims.

12   **II.     FACTS**

13   **A.      Brief chronology of the facts.**

14   This is a proposed class action against Defendant regarding certain claims it made in the

15   advertising, marketing, and packaging of its product "I Can't Believe It's Not Butter!"

16   **B.      Statement of the principal factual issues in dispute.**

17   The Parties agree that the main factual allegations of the Complaint are uncontested,

18   however, Defendant contests Plaintiff's characterizations and legal conclusions and denies that

19   any of the alleged laws were violated.

20   **III.    LEGAL ISSUES.**

21   On November 30, 2009, Defendant filed a motion to dismiss the above-captioned action.

22   In its motion to dismiss, Defendant argues that the complaint should be dismissed on grounds of

23   preemption, equitable abstention, safe harbor, truth, puffery, pleading deficiencies, mootness, and

24   insufficient CLRA notices.  Plaintiff contends that none of these arguments has any merit and that

25   Defendant's motion to dismiss should be denied in its entirety.  A hearing on Defendant's motion

26   to dismiss is scheduled for March 1, 2010.

27

28

JOINT CASE MANAGEMENT STATEMENT
Case No.  C-09-02563 JW
sf-2770733

2

## IV.   MOTIONS

On November 30, 2009, Unilever filed a motion to dismiss.  The hearing on Unilever's motion is scheduled for March 1, 2010.

## V.   AMENDMENT OF PLEADINGS

Plaintiff anticipates amending the complaint to add a damages claim under the California Consumer Legal Remedies Act ("CLRA").  Plaintiff also anticipates adding additional parties based upon facts to be learned in discovery, such as any and all parties that should be named as defendants.  Plaintiff proposes amending the complaint after discovery has commenced, and proposes April 5, 2010 as the cut-off date for amendment

## VI.   EVIDENCE PRESERVATION

The parties are aware of their obligations to preserve evidence and are taking appropriate steps to preserve all reasonably available information that is relevant to this action.  Plaintiff will maintain any documents or materials in his possession that are reasonably likely to be relevant to this action.   Unilever has taken steps to preserve evidence reasonably related to issues reasonably evident in this action, including the preservation of electronically recorded material and the suspension of any document destruction or electronic erasure programs.

## VII.   DISCLOSURES

The Parties held their 26(f) conference on November 25, 2009.  Pursuant to the 26(f) meet and confer, the Parties have agreed to exchange initial disclosures on January 8, 2010.

## VIII.   DISCOVERY

Pursuant to settlement negotiations between the Parties, Plaintiff has requested, and Unilever has provided certain information regarding the claims asserted.  The Parties also agreed to exchange Rule 26(a)(1) initial disclosures on January 8, 2010.

Plaintiff proposes the following discovery plan:

- all discovery be completed by May 14, 2010

- expert reports to be exchanged by June 28, 2010

- depositions of experts to be completed by July 30, 2010

- rebuttal expert reports to be exchanged by September 10, 2010

Unilever proposes that no discovery schedule should be entered at this time. Rather, the Court should set a discovery schedule at a new Case Management Conference to be scheduled within 30 days of the Court's ruling on Unilever's motion to dismiss, which is scheduled for hearing on March 1, 2010.

The Parties do not anticipate the need for modification of any discovery rules.

## IX. CLASS ACTIONS

Plaintiff contends that this action is maintainable as a class action under Federal Civil Procedure Rule 23(b)(1), (b)(2) and (b)(3). This proposed class is in this action is all Californians who have purchased I Can't Believe It's Not Butter! from June 2004 to present. With respect to the elements of Federal Civil Procedure Rule 23(a), based upon the popularity of I Can't Believe It's Not Butter!, Plaintiff anticipates that there are tens of thousands of class members, thereby meeting the numerosity requirement of 23(a). Plaintiff also contends that based upon the uniform marketing and packaging of I Can't Believe It's Not Butter!, that there are questions of law or fact common to the class. Plaintiff also contends that his situation is typical, having purchased I Can't Believe Its Not Butter! in a typical retail environment (grocery stores located in the Sunnyvale, California area). Plaintiff also believes that he will fairly and adequately protect the interest of the proposed class and that he has no conflicts with the proposed class. Plaintiff has also retained counsel experienced in class action litigation.

Plaintiff also contends that given the relatively small recovery for each individual class member (return of the purchase price for the I Can't Believe It's Not Butter! product each member of the class bought), a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

Plaintiff further contends that the prerequisites to maintaining a class action for injunctive or equitable relief pursuant to Civ. R. 23(b)(2) are met as Defendant has acted or refused to act on grounds generally applicable to the Class thereby making appropriate final injunctive or equitable relief with respect to the Class as a whole. Defendant's conduct is generally applicable to the Class as a whole and Plaintiff seeks, inter alia, equitable remedies with respect to the Class as a

1   whole. As such, Defendant's systematic policies and practices make declaratory relief with

2   respect to the Class as a whole appropriate.

3          Defendant contends that this action does not meet the legal standards for class certification

4   under Fed. Rule 23 and is not suitable for class treatment.

5   **X.     RELATED CASES**

6          This action arises out of the same facts as a later-filed putative class action in the Central

7   District entitled *Red v. Unilever United States, Inc. and Unilever PLC*, Case No. CV09-07855

8   MMM (AGRx) (C.D. Cal).  *Red* was filed on October 28, 2009, almost four months after this

9   case.  It has been assigned to The Honorable Margaret M. Morrow.

10         On November 30, 2009, Unilever filed a motion to dismiss or stay that action under the

11  "first-to-file" rule and, in the alternative, to dismiss for failure to state a claim.  The hearing on

12  that motion is scheduled for February 8, 2010.

13  **XI.    RELIEF**

14         Plaintiff prays for injunctive relief, restitution, disgorgement, compensatory and punitive

15  damages, and attorneys' fees.

16  **XII.   SETTLEMENT AND ADR**

17         The parties have had preliminary settlement discussions.  On October 16, 2009, the parties

18  filed a stipulation requesting mediation per ADR L.R. 6.  (Dkt. No. 17.)  Mediation is to occur by

19  February 26, 2010.

20  **XIII.  CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

21         The parties do not consent to assignment of this case to a U.S. Magistrate Judge for court

22  trial.

23  **XIV.   OTHER REFERENCES**

24         Not applicable.

25  **XV.    NARROWING OF ISSUES**

26         The parties are not aware of any issues that can be narrowed by agreement.

27

28

XVI.   **EXPEDITED SCHEDULE**

The parties do not believe this case can be handled on an expedited basis with streamlined procedures.

XVII.  **SCHEDULING**

As noted above, Plaintiff proposes the following discovery schedule:

- all discovery be completed by May 14, 2010

- expert reports to be exchanged by June 28, 2010

- depositions of experts to be completed by July 30, 2010

- rebuttal expert reports to be exchanged by September 10, 2010

- pretrial conference to be held on October 15, 2010

- trial to commence on November 5, 2010

Unilever proposes that no discovery schedule should be entered at this time.  Rather, the Court should set a discovery schedule at a new Case Management Conference to be scheduled within 30 days of the Court's ruling on Unilever's motion to dismiss, which is scheduled for hearing on March 1, 2010.

XVIII. **TRIAL**

Plaintiffs have requested a jury trial of this action.  Plaintiff anticipates the trial to last ten (10) business days.  Defendant estimates three (3) to five (5) trial days.

XIX.   **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Unilever filed a Certification of Interested Entities or Persons pursuant to Civil L.R. 3-16 on November 24, 2009.

**SIGNATURE AND CERTIFICATION BY PARTIES AND LEAD TRIAL COUNSEL**

Pursuant to Civil L.R. 16-8, each of the undersigned certifies that he or she has read the brochure entitled "Dispute Resolution Procedures in the Northern District of California," discussed the available dispute resolution options provided by the court and private entities and has considered whether this case might benefit from any of the available dispute resolution options.

Dated: December 3, 2009

WILLIAM L. STERN
JANELLE J. SAHOURIA
MORRISON & FOERSTER LLP


By: _____
        WILLIAM L. STERN

Attorneys for Defendant
CONOPCO, INC. (sued herein as
UNILEVER UNITED STATES, INC.)

Dated: December 3, 2009

MICHAEL R. REESE
KIM E. RICHMAN
REESE RICHMAN LLP


By: _____
        MICHAEL R. REESE

Attorneys for Plaintiff AMNON
ROSEN, on behalf of himself and all
others similarly situated

I, Janelle J. Sahouria, am the ECF User whose ID and password are being used to file this Joint Case Management Statement. In compliance with General Order 45, X.B., I hereby attest that Michael R. Reese has concurred in this filing.

Dated: December 3, 2009

JANELLE J. SAHOURIA
MORRISON & FOERSTER LLP


By: _s/ Janelle J. Sahouria_____
        Janelle J. Sahouria

Attorneys for Defendant
CONOPCO, INC. (sued herein as
UNILEVER UNITED STATES, INC.)

1      **IT IS SO ORDERED:**  The Joint Case Management Statement and Proposed Order is

2   hereby adopted by the Court for the case and the parties are ordered to comply with this Order.

3

4   Dated: December __, 2009                    By: _____

5                                                   Hon. James S. Ware
                                                    United States District Court Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28