MICHAEL R. REESE (CA SBN 206773)
mreese@reeserichman.com
KIM E. RICHMAN
kim@reeserichman.com
BELINDA L. WILLIAMS
belinda@reeserichman.com
**REESE RICHMAN LLP**
875 Avenue of the Americas, 18th Floor
New York, New York, 10001
Telephone:  (212) 643-0500
Facsimile:  (212) 253-4272

Attorneys for Plaintiff AMNON ROSEN, on behalf of himself
and all others similarly situated

WILLIAM L. STERN (CA SBN 96105)
wstern@mofo.com
JANELLE J. SAHOURIA (CA SBN 253699)
jsahouria@mofo.com
**MORRISON & FOERSTER LLP**
425 Market Street
San Francisco, California  94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

Attorneys for Defendant CONOPCO, INC. (sued herein as
UNILEVER UNITED STATES, INC.)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| AMNON ROSEN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNILEVER UNITED STATES, INC.,<br><br>Defendant. | Case No.   C-09-02563 JW<br><br>**CLASS ACTION**<br><br>**JOINT REPORT OF THE PARTIES PURSUANT TO FEDERAL CIVIL PROCEDURE RULE 26(f)**<br><br>Date:         December 14, 2009<br>Time:        10:00 a.m.<br>Courtroom: Hon. James S. Ware |

JOINT REPORT PURSUANT TO FEDERAL CIVIL PROCEDURE RULE 26(f)
Case No.  C-09-02563 JW
sf-2774484

1

Plaintiff Amnon Rosen ("Plaintiff") and Defendant Unilever United States, Inc. ("Defendant" or "Unilever) (collectively the "Parties") through their respective counsel respectfully submit this Joint Report in accordance with Federal Civil Procedure Rule 26(f) pursuant to the Rule 26(f) conference held between the parties on November 25, 2009.

**I.   Fed. R. Civ. P. 26(f)(3)(A): What Changes Should Be Made In The Timing, Form, Or Requirement For Disclosures Under Rule 26(a), including A Statement of When Initial Disclosures Were Or Will Be Made.**

The parties have agreed that the deadline for making the disclosures under Fed. R. Civ. P. 26(a) should be January 8, 2010.  The parties do not believe any other changes should be made in the timing, form or requirements for disclosures under Fed. R. Civ. P. 26(a).

**II.  Fed. R. Civ. P. 26(f)(3)(B): The Subjects On Which Discovery May Be Needed, When Discovery Should Be Completed, And Whether Discovery Should Be Conducted In Phases Or Be Limited To Or Focused Upon Particular Issues.**

The parties anticipate that discovery may be needed on, but not limited to, the following topics: Defendants' advertising and marketing of its product I Can't Believe It's Not Butter; the ingredients of I Can't Believe It's Not Butter; class action/certification issues; Plaintiff's alleged purchases; and, Plaintiff's alleged injuries/damages. The parties do not believe that discovery should be conducted in phases. The parties propose a discovery cut-off of May 14, 2010.

**III. Fed . R. Civ. P. 26(f)(3)(C):  Any Issues Relating To Disclosure Or Discovery Of Electronically Stored Information, Including The Form Or Forms In Which It Should Be Produced.**

While the parties expect that some discovery will be in electronic form, the parties do not anticipate any issues relating to disclosure or discovery of electronically stored information.

**IV.  Fed. R. Civ. P. 26(f)(3)(D):  Any Issues Relating To Claims Of Privilege Or Of Protection As Trial-Preparation Material, Including -- If The Parties Agree On A Procedure To Assert Such Claims After Production -- Whether To Ask the Court To Include Their Agreement In An Order.**

The parties do not anticipate any issues relating to contested claims of privilege.  To the extent any arise, the parties anticipate that the Proposed Confidentiality Order that will be submitted to the Court shortly will govern the procedure to assert such claims after production.

**V.  Fed. R. Civ. P. 26(f)(3)(E): What Changes Should Be Made In The Limitations On Discovery Imposed Under These Rules Or By Local Rule, And What Other Limitations Should Be Imposed.**

The parties do not anticipate any need for changes in the discovery limitations imposed under the Federal Rules of Civil Procedure; however, should a need arise in the future, the parties have agreed to work together in good faith to avoid any disputes over discovery limitations and to promptly submit to the Court any such disputes that cannot be so resolved.

**VI.  Fed. R. Civ. P. 26(f)(3)(F): Any Other Orders That Should Be Entered By The Court Under Rule 26(c) Or Under Rule 16(b) and (c).**

The parties anticipate that discovery in this matter will involve proprietary information that should be protected by a confidentiality order.  The parties are currently drafting a proposed confidentiality order that will be submitted for the Court's consideration and approval.  Additionally, the parties intend to serve all pleadings electronically, instead of via U.S. mail.  The parties have agreed to a stipulation regarding electronic service that will be filed with the Court.

|   |   |   |
|---|---|---|
| | | Respectfully submitted, |
| Dated: December 3, 2009 | | MICHAEL R. REESE<br>KIM E. RICHMAN<br>BELINDA L. WILLIAMS<br>REESE RICHMAN LLP |

By:  s/  Michael R. Reese
         MICHAEL R. REESE

Attorneys for Plaintiff AMNON ROSEN, on behalf of himself and all others similarly situated

Dated: December 3, 2009            WILLIAM L. STERN
                                   JANELLE J. SAHOURIA
                                   MORRISON & FOERSTER LLP

By:  s/ William L. Stern
         WILLIAM L. STERN

Attorneys for Defendant
CONOPCO, INC. SUED HEREIN AS
UNILEVER UNITED STATES, INC.

I, William L. Stern, am the ECF User whose ID and password are being used to file this Rule 26(f) Joint Report.  In compliance with General Order 45, X.B., I hereby attest that Michael R. Reese, counsel for Plaintiff, has concurred in this filing.

Dated: December 3, 2009            WILLIAM L. STERN
                                   MORRISON & FOERSTER LLP

By:  s/ William L. Stern
         William L. Stern

Attorneys for Defendant
CONOPCO, INC. (sued herein as
UNILEVER UNITED STATES, INC.)