\*\* E-filed January 11, 2010 \*\*

MICHAEL R. REESE (CA SBN 206773)
mreese@reeserichman.com
KIM E. RICHMAN
kim@reeserichman.com
BELINDA L. WILLIAMS
belinda@reeserichman.com
**REESE RICHMAN LLP**
875 Avenue of the Americas, 18th Floor
New York, New York, 10001
Telephone: (212) 643-0500
Facsimile: (212) 253-4272

*Attorneys for Plaintiff AMNON ROSEN, on behalf of himself and all others similarly situated*

WILLIAM L. STERN (CA SBN 96105)
wstern@mofo.com
JANELLE J. SAHOURIA (CA SBN 253699)
jsahouria@mofo.com
**MORRISON & FOERSTER LLP**
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

*Attorneys for Defendant CONOPCO, INC. (sued herein as UNILEVER UNITED STATES, INC.)*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| AMNON ROSEN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNILEVER UNITED STATES, INC.,<br><br>Defendant. | Case No.   C-09-02563 JW<br><br>**CLASS ACTION**<br><br>**STIPULATION AND [PROPOSED] ORDER GOVERNING TREATMENT OF CONFIDENTIAL DISCOVERY AS AMENDED BY THE COURT** |

STIPULATION AND [PROPOSED] ORDER RE CONFIDENTIAL DISCOVERY
Case No.  C-09-02563 JW
sf-2773817

1

1. **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following stipulated protective order. The parties acknowledge that this order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in section 10 below, that this stipulated protective order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2. **DEFINITIONS**

2.1     <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2     <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3     <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P.26(c).

2.4     <u>"HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" Information or Items</u>: extremely sensitive "Confidential Information or Items" whose disclosure to another Party or nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.5     <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6     Producing Party:  a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7     Designating Party:  a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY."

2.8     Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY."

2.9     Outside Counsel:  attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10    House Counsel:  attorneys who are employees of a Party.

2.11    Counsel (without qualifier):  Outside Counsel and House Counsel (as well as their support staffs).

2.12    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, and who is not a past or a current employee of a Party or of a competitor of a Party, and who, at the time of retention, is not anticipated to become an employee of a Party or competitor of a Party.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

**3.     SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

1  **4.     DURATION**

2      Even after the termination of this litigation, the confidentiality obligations imposed by this

3  Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order

4  otherwise directs. **For a period of six months after the final termination of this action, the court will retain jurisdiction to enforce the terms of this protective order.**

5  **5.     DESIGNATING PROTECTED MATERIAL**

6      5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party

7  or non-party that designates information or items for protection under this Order must, to the

8  extent feasible, take care to limit any such designation to specific material that qualifies under the

9  appropriate standards. ~~Notwithstanding the above, a Designating Party may designate a~~ **A Designating Party must take care to designate for protection only those portions of the material that qualify, so that other portions for which protection is not warranted are not swept unjustifiably within the ambit of this order.**

10 ~~document in its entirety as Protected Material even though only portions of the document may~~

11 ~~qualify.~~ If it comes to a Designating Party's attention that information or items that it designated

12 for protection do not qualify for protection at all, or do not qualify for the level of protection

13 initially asserted, that Designating Party must, within a reasonable time, notify all other parties

14 that it is withdrawing the mistaken designation.

15     5.2    Manner and Timing of Designations. Except as otherwise provided in this Order

16 (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered,

17 material that qualifies for protection under this Order must to the extent possible be clearly so

18 designated before the material is disclosed or produced. Designation in conformity with this

19 Order requires:

20     (a)    for information in documentary form (apart from transcripts of depositions

21 or other pretrial or trial proceedings), that the Producing Party affix the legend

22 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" on each

23 page that contains protected material. **If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portions and specify, for each portion, the level of protection being asserted.**

24     A Party or non-party that makes original documents or materials available for inspection

25 need not designate them for protection until after the inspecting Party has indicated which

26 material it would like copied and produced. During the inspection and before the designation, all

27 of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL-

28 ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants

1  copied and produced, the Producing Party must determine which documents**, or portions thereof,** qualify for protection
2  under this Order, then, before producing copies of the specified documents, the Producing Party must affix to the copies the appropriate legend ("CONFIDENTIAL" or "HIGHLY
3  CONFIDENTIAL-ATTORNEYS' EYES ONLY") on each page that contains Protected Material. **If only a portion of the material on a page qualifies for protection, the Producing Party must**
4  **clearly identify the protected portions and specify, for each portion, the level of protection being asserted.**

5          (b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>,

6  that the Party or non-party offering or sponsoring the testimony shall invoke on the record (before

7  the deposition or proceeding is concluded) a right to have up to 14 days after receipt of the

8  transcript to identify the specific portions of the testimony as to which protection is sought and to

9  specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY

10 CONFIDENTIAL-ATTORNEYS' EYES ONLY"). Until the expiration of the 14 days after

11 receipt of the transcript or upon the designation or notice that no designation will be made,

12 whichever comes first, the testimony shall be maintained as "HIGHLY CONFIDENTIAL-

13 ATTORNEYS' EYES ONLY." Only those portions of the testimony that are appropriately

14 designated for protection within the 14 days shall be covered by the provisions of this Stipulated

15 Protective Order.

16     Transcript pages containing Protected Material must be separately bound by the court

17 reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or

18 "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY," as instructed by the Party or

19 nonparty offering or sponsoring the witness or presenting the testimony.

20         (c) <u>for information produced in some form other than documentary, and for</u>

21 <u>any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the

22 container or containers in which the information or item is stored the legend "CONFIDENTIAL"

23 or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY." If only portions of the

24 information or item warrant protection, the Producing Party, to the extent practicable, shall

25 identify the protected portions, specifying whether they qualify as "CONFIDENTIAL" or

26 "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY."

27     5.3    <u>Inadvertent Failures to Designate</u>. An inadvertent failure to designate qualified

28 information or items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS'

STIPULATION AND [PROPOSED] ORDER RE CONFIDENTIAL DISCOVERY
Case No. C-09-02563 JW
sf-2773817

5

1  EYES ONLY" does not, standing alone, waive the Designating Party's right to secure protection
2  under this Order for such material. If material is appropriately designated as "CONFIDENTIAL"
3  or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" after the material was initially
4  produced, the Receiving Party, on timely notification of the designation, must assure that the
5  material is treated in accordance with the provisions of this Order.

6  **6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS**

7         6.1    Timing of Challenges. If a party challenges a Designating Party's confidentiality
8  designation, such Party shall give written notice to the Party or non-party who designated the
9  material within thirty (30) days from receipt of the material.

10        6.2    Meet and Confer. The parties shall meet and confer **directly (in voice-to-voice dialogue; other forms of communication are not sufficient)** to resolve the
11 issue. In conferring, the challenging Party must explain the basis for its belief that the
12 confidentiality designation was not proper and must give the Designating Party an opportunity to
13 review the designated material, to reconsider the circumstances, and, if no change in designation
14 is offered, to explain the basis for the chosen designation. The challenging Party may proceed to
15 the next stage of the challenge process only if it has engaged in this meet and confer process first.

16        6.3    Judicial Intervention. A Party that elects to press a challenge to a confidentiality
17 designation after considering the justification offered by the Designating Party may file and serve
18 a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable)
19 that identifies the challenged material and sets forth in detail the basis for the challenge. Each
20 such motion must be accompanied by a competent declaration that affirms that the movant has
21 complied with the meet and confer requirements imposed in the preceding paragraph.

22        The burden of persuasion in any such challenge proceeding shall be on the Designating
23 Party. Until the court rules on the challenge, all parties shall continue to afford the material in
24 question the level of protection to which it is entitled under the Producing Party's designation.

25 **7.   ACCESS TO AND USE OF PROTECTED MATERIAL**

26        7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed
27 or produced by another Party or by a non-party in connection with this case only for prosecuting,
28 defending, or attempting to settle this litigation. Such Protected Material may be disclosed only

1  to the categories of persons and under the conditions described in this Order.  When the litigation
2  has been terminated, a Receiving Party must comply with the provisions of section 11, below
3  (FINAL DISPOSITION).

4  Protected Material must be stored and maintained by a Receiving Party at a location and
5  in a secure manner that ensures that access is limited to the persons authorized under this Order.

6  7.2  Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise
7  ordered by the court or permitted in writing by the Designating Party, a Receiving Party may
8  disclose any information or item designated CONFIDENTIAL only to:

9  (a)  the parties to this action;
10 (b)  the Receiving Party's Outside Counsel of record in this action, including
11 employees of said Counsel to whom it is reasonably necessary to disclose the information for this
12 litigation;
13 (c)  the officers, directors, and employees (including House Counsel) of the
14 Receiving Party to whom disclosure is reasonably necessary for this litigation;
15 (d)  Experts (as defined in this Order) of the Receiving Party to whom
16 disclosure is reasonably necessary for this litigation and who have signed the "Agreement To Be
17 Bound by Protective Order" (Exhibit A);
18 (e)  the Court and its personnel;
19 (f)  stenographers, their staffs, and professional vendors to whom disclosure is
20 reasonably necessary for this litigation and who have signed the "Agreement To Be Bound by
21 Protective Order" (Exhibit A);
22 (g)  witnesses in the action to whom disclosure is reasonably necessary after
23 having been advised of the existence and terms of this Order and having signed the "Agreement
24 To Be Bound By Protective Order" (Exhibit A);
25 (h)  the author of the document or the original source of the information.
26 7.3  Disclosure of "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY"
27 Information or Items.  Unless otherwise ordered by the court or permitted in writing by the
28

Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" only to:

 (a) the Receiving Party's Outside Counsel of record in this action, including employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

 (b) House Counsel of a Receiving Party (1) who has no involvement in competitive decision-making involving the subject matter of this action, and (2) to whom disclosure is reasonably necessary for this litigation;

 (c) Experts (as defined in this Order) to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement To Be Bound by Protective Order" (Exhibit A);

 (d) the Court and its personnel;

 (e) stenographers, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement To Be Bound by Protective Order" (Exhibit A);

 (f) witnesses in the action to whom disclosure is reasonably necessary after having been advised of the existence and terms of this Order and having signed the "Agreement To Be Bound By Protective Order" (Exhibit A); and

 (g) the author of the document or the original source of the information.

**8.**   **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax or email, if possible) no more than seven court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material - and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**9.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to immediately retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement To Be Bound" that is attached hereto as Exhibit A.

**10.  FILING PROTECTED MATERIAL**

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

Where filings are made under seal, the Party filing the document shall lodge with the Court's chambers an unredacted version of the filing.

Any Protected Material used openly in court hearings or trial will not be kept confidential absent order of the Court, secured in advance of the use of such material.

STIPULATION AND [PROPOSED] ORDER RE CONFIDENTIAL DISCOVERY
Case No.  C-09-02563 JW
sf-2773817

9

## 11. FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final termination of this action, each Receiving Party must undertake all reasonable efforts to locate and return all Protected Material to the Producing Party. The "final termination" shall occur when the time for appeal or review of a final judgment expires or, if any appeal is filed and not dismissed, five (5) business days after the final judgment is upheld on appeal in all material respects and is no longer subject to review upon appeal or by write of certiorari. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it.

Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

## 12. MISCELLANEOUS

12.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

//
//
//
//

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED:  January 8, 2010               **REESE RICHMAN LLP**

*/s/ Michael R. Reese*
Michael R. Reese (Cal. State Bar. No. 206773)
Kim E. Richman
Belinda L. Williams
875 Avenue of the Americas, 18th Floor
New York, New York 10001
Telephone:  (212) 643-0500
Facsimile:   (212) 253-4272

*Counsel for Plaintiff and the Proposed Class*


DATED: January 8, 2010                **MORRISON & FOERSTER LLP**

*/s/ Janelle J. Sahouria*
William Stern (Cal. State Bar. No. 96105)
Janelle J. Sahouria (Cal. State Bar. No. 253699)
425 Market Street
San Francisco, California  94105-2482
Telephone: 415.268.7000
Facsimile:  415.268.7522

*Counsel for Defendant Unilever United States, Inc*

---

[PROPOSED] ORDER

PURSUANT TO STIPULATION AND AS AMENDED BY THE COURT, IT IS SO ORDERED.

DATED: January 11, 2010

The Honorable ~~James Ware~~ **Howard R. Lloyd**
United States ~~District~~ Judge
**Magistrate**

STIPULATION AND [PROPOSED] ORDER RE CONFIDENTIAL DISCOVERY
Case No.  C-09-02563 JW
sf-2773817

11

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ in the case of *Rosen v. Unilever United States, Inc*. 09-02563 (JW) (N. D. Cal.). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____