UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| AMNON ROSEN, et al., | Case No.   C-09-02563 JW |
| | Case No.   C-10-00387 JW |
| EVANGELINE RED, et al. | **CLASS ACTION** |
| Plaintiffs, | **[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT, DIRECTING THE DISSEMINATION OF NOTICE AND SCHEDULING A FINAL SETTLEMENT HEARING** |
| v. | |
| UNILEVER UNITED STATES, INC., | |
| Defendant. | |
| | Judge:  Hon. James Ware |

The Court has considered the Class Action Settlement Agreement and Release, dated February 18, 2011 ("Settlement Agreement), the joint motion for order preliminarily approving a class action settlement, directing the dissemination of notice, and setting a final settlement hearing, and all other papers filed in this action. The Court conducted a hearing on March 7, 2011, with regard to the proposed settlement of this action, and has fully considered the record of these proceedings, the representations, arguments, and recommendations of counsel for the moving parties, and the requirements of law. The matter having been submitted and good cause appearing therefore:

The Court finds as follows:

1. All defined terms contained herein shall have the same meanings as set forth in the Settlement Agreement executed by the Settling Parties and filed with this Court.

2. For purposes of settlement of the Litigation, the Court has subject matter and personal jurisdiction over the Parties, including all Settlement Class Members, and venue is proper.

3. The Named Plaintiffs and Defendant, through their counsel of record in the Litigation, have reached an agreement to settle all claims in the Litigation.

4. The Settlement Agreement was entered into at arm's-length by experienced counsel and after extensive negotiations spanning over one year. The Settlement Agreement is not the result of collusion.

5. The Court preliminarily approves the Settlement as being within the realm of reasonableness to the Settlement Class, subject to further consideration at the Final Approval Hearing described below, defined as:

> All persons (excluding officers, directors, and employees of Unilever) who purchased, on or after January 1, 2000 through the Preliminary Approval Date, one or more soft spread and/or stick products manufactured by Unilever, including private label products, containing partially hydrogenated vegetable oil or artificial trans fat.

6. The Court preliminarily concludes that, for the purposes of approving this settlement only and for no other purpose and with no other effect on the Litigation, should the

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION
CASE NOS. C-09-02563 JW, C-10-00387 JW
sf-2966608

1

proposed Settlement Agreement not ultimately be approved or should the Effective Date not occur, the proposed Rule 23(b)(2) Settlement Class meets the requirements for certification under Rule 23 of the Federal Rules of Civil Procedure:  (a) the proposed Settlement Class is ascertainable and so numerous that joinder of all members of the Settlement Class is impracticable; (b) there are questions of law or fact common to the proposed Settlement Class, and there is a well-defined community of interest among members of the proposed Settlement Class with respect to the subject matter of the Litigation; (c) the claims of Named Plaintiffs Amnon Rosen, Evangeline Red, Jennifer Red, and Rachel Whitt are typical of the claims of the members of the proposed Settlement Class; (d) Named Plaintiffs Amnon Rosen, Evangeline Red, Jennifer Red, and Rachel Whitt and the Class Counsel will fairly and adequately protect the interests of the members of the Settlement Class; (e) Unilever has engaged in a pattern of behavior subject to injunctive relief; and (f) injunctive relief predominates over monetary damages.

7. Class Counsel may apply to the District Court for an award of attorney's fees and for reimbursement of expenses to be paid by Defendant.  Class Counsel agrees to file its application for attorney's fees and expenses with the District Court a minimum of twenty-one days (21) prior to the Notice Response Deadline  (the date forty-five (45) days after the Class Notice is first published in *USA Today* to the Class Members or May 9, 2011, whichever is later) in compliance with *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988 (9th Cir. 2010), to provide class members with sufficient time to file any objection they might have to the application.

8. Plaintiffs Amnon Rosen, Evangeline Red, Jennifer Red, and Rachel Whitt are hereby appointed as Class Representatives.  Reese Richman LLP, The Weston Firm, and Beck & Lee Business Trial Lawyers are hereby appointed Class Counsel.

9. The Court also approves of the parties' selection of Tilghman & Co., P.C. to serve as the Claims Administrator for purposes of the settlement.

10. The Court approves the form and content of the Class Notice (attached hereto as Exhibit A).  The Court finds that the publication of the Class Notice in the manner, timing,

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION
CASE NOS.  C-09-02563 JW, C-10-00387 JW
sf-2966608

2

and form set forth in the Agreement satisfies due process. The foregoing is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Class Members entitled to such Class Notice. The Court authorizes the Parties to make non-material modifications to the Class Notice prior to publication if the Parties jointly agree that any such changes are necessary under the circumstances.

11. If Settlement Class Members do not wish to participate in the Settlement, Settlement Class Members may exclude themselves. All requests by Settlement Class Members to be excluded from the Settlement Class must be in writing by the Notice Response Deadline. Written requests to opt out must be sent via United States mail to the Claims Administrator, which is not a party or their counsel, at Red and Rosen Settlements, P.O. Box 12943, Birmingham, Alabama 35202-2943. The request shall include: (1) identification of the action, e.g., *Rosen* and *Red* cases; (2) the potential Settlement Class Member's full name and; (3) a statement that she or he wishes to be excluded from the Settlement Class; and (4) the potential Settlement Class Member's signature. Any Class Member who does not opt out of the settlement in the manner just described shall be deemed to be part of the Settlement Class.

12. Any potential Settlement Class Member who does not opt out may object to the settlement. Those who wish to object to the settlement must do so in writing. Written objections must be sent via United States mail to the Claims Administrator, which is not a party or their counsel, at Red and Rosen Settlements, P.O. Box 12943, Birmingham, Alabama 35202-2943, no later than the Notice Response Deadline (the date forty-five (45) days after the Class Notice is first published in *USA Today* to the Class Members or May 9, 2011, whichever is later). The written objections must include the following: (1) identification of the action, e.g., *Rosen* and *Red* cases; (2) the objector's full name and current address; (3) in clear and concise terms, the legal and factual arguments supporting the objection; and (4) the objector's signature. Any Class Member who does not object to the Settlement in the manner just described shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the proposed Settlement or any provision of this Agreement.

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION
CASE NOS. C-09-02563 JW, C-10-00387 JW
sf-2966608

3

13. Subject to approval of the Court, any objecting Class Member may appear, in person or by counsel, at the Final Approval Hearing held by the Court, to show cause why the proposed Settlement should not be approved as fair, adequate, and reasonable, or object to any petitions for Class Counsel Fees and Expenses or Incentive Award. The objecting Class Member must mail to the Claims Administrator, which is not a party or their counsel, at Red and Rosen Settlements, P.O. Box 12943, Birmingham, Alabama 35202-2943, a notice of intention to appear at the Final Approval Hearing ("Notice of Intention to Appear") no later than the Notice Response Deadline or on such other date that may be set forth in the Class Notice. The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objecting Class Member (or his/her/its counsel) will present to the Court in connection with the Final Approval Hearing. Any Class Member who does not provide a Notice of Intention to Appear in complete accordance with the deadlines and other specifications set forth in the Class Notice, shall be barred from speaking or otherwise presenting any views at the Final Approval Hearing. The agreed-upon procedures and requirements for filing objections in connection with the Final Approval Hearing are intended to ensure the efficient administration of justice and the orderly presentation of any Class Member's objection to the Settlement, in accordance with such Class Member's due process rights.

14. On or before December 30, 2011, Defendant shall tender to Class Counsel for Plaintiffs a report indicating that Defendant has complied with the terms of the Class Settlement regarding the removal of partially hydrogenated vegetable oils ("PHVOs") from soft spread products manufactured by Defendant.

15. On or before December 31, 2012, Defendant shall tender to Class Counsel for Plaintiffs a report indicating that Defendant has complied with the terms of the Class Settlement regarding the removal of PHVOs from stick products manufactured by Defendant.

16. The Court finds that proper and timely notice has been provided under 28 U.S.C. § 1715.

Good cause appearing therefore, IT IS HEREBY ORDERED that:

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION
CASE NOS. C-09-02563 JW, C-10-00387 JW
sf-2966608

4

1.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Class Action Settlement Agreement is preliminarily approved.

2.      A Class, defined as follows, is hereby certified for purposes of preliminary approval:

> All persons (excluding officers, directors, and employees of Unilever) who purchased, on or after January 1, 2000 through the Preliminary Approval Date, one or more soft spread and/or stick products manufactured by Unilever, including private label products, containing partially hydrogenated vegetable oil or artificial trans fat.

3.      Michael R. Reese of Reese Richman LLP, Gregory S. Weston of The Weston Firm and Elizabeth Lee Beck of Beck & Lee Business Trial Lawyers are hereby appointed as Class Counsel.

4.      Amnon Rosen, Evangeline Red, Jennifer Red, and Rachel Whitt are hereby appointed as the Class Representatives.

5.      The Court appoints Tilghman & Co., P.C. to serve as the Claims Administrator for purposes of the settlement.

6.      Notice of the settlement and the rights of Class Members to opt out of the settlement shall be given by issuance of publication notice and posting of a webpage consistent with the terms of the Settlement Agreement by the Notice Publication Deadline (thirty days after the Preliminary Approval Date).

7.      Pursuant to Section 13.1 of the Settlement Agreement, the Parties to the Settlement Agreement and their counsel shall not make any public statements regarding the settlement, unless as otherwise allowed for in the Settlement Agreement.

8.      The parties shall file their motion for final approval of the classwide settlement on or by June 6, 2011.

9.      A hearing shall be held before this Court on June 20, 2011 at 9 a.m. to consider whether the settlement should be given final approval by the Court:

    (a)    Written objections by Class Members to the proposed settlement will be considered if received by the Claims Administrator on or before the Notice Response Deadline;

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION
CASE NOS. C-09-02563 JW, C-10-00387 JW
sf-2966608

5

      (b)    At the Settlement Hearing, Class Members may be heard orally in support of or, if they have timely submitted written objections, in opposition to the settlement; and

      (c)    Class Counsel should be prepared at the hearing to respond to objections filed by Class Members and to provide other information as appropriate, bearing on whether or not the settlement should be granted final approval.

10. In the event that the Effective Date occurs, all Class Members will be deemed to have forever released and discharged the Released Claims. In the event that the Effective Date does not occur for any reason whatsoever, the Settlement Agreement shall be deemed null and void and shall have no effect whatsoever.

11. This Order shall not be construed or used as an admission, concession, or declaration by or against Defendant of any finding of fault, wrongdoing, or liability. This Order shall not be construed or used as a waiver or admission as to any arguments or defenses that might be available to Defendant, including objections to class certification in the event that the Settlement Agreement is terminated.

12. The Court shall retain jurisdiction for the purposes of implementing the provisions of this Order, and reserves the right to enter additional orders to effectuate the fair and orderly administration and consummation of the settlement and to resolve any and all disputes that may arise thereunder.

DATED: March 11, 2011

*[signature]*
HONORABLE JAMES WARE
United States District Court Judge

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION
CASE NOS. C-09-02563 JW, C-10-00387 JW
sf-2966608

6

# EXHIBIT A

**LEGAL NOTICE**

# If you were a purchaser of a vegetable oil soft spread or stick product manufactured by Unilever, you may be part of this class action settlement

A settlement has been proposed in two lawsuits regarding the labeling and advertising practices of Unilever for its vegetable oil soft spread or stick products. The class action lawsuits are *Rosen v. Unilever United States, Inc.*, No. C 09-02563 JW (N.D. Cal.) and *Red, et al. v. Unilever United States, Inc., et al.*, No. C-10-00387 JW (N.D. Cal.).

The United States District Court for the Northern District of California authorized this notice. Before the settlement is final, the Court will have a hearing to decide whether to approve the settlement.

### WHO'S INCLUDED?

The Settlement Class is defined as any person who purchased on or after January 1, 2000 to **Month 00, 0000** [the preliminary approval date], one or more soft spread or stick products manufactured by Unilever, including private label products, containing partially hydrogenated vegetable oils or artificial trans fats. Unilever's soft spread and stick products include, but are not limited to, "I Can't Believe It's Not Butter!"®, Brummel & Brown®, Imperial®, Shedd's Spread Country Crock®, Willow Run® Margarine, and Unilever's private brand label products such as those sold at Kroger. A more complete list of products is available at www.noticeclass.com/redandrosensettlements.

### WHAT'S THIS ABOUT?

The two lawsuits contend that Unilever falsely advertises its vegetable oil soft spread and stick products as "healthy" and "nutritious" when in fact they contain partially hydrogenated vegetable oils which contain trans fats, which plaintiffs claim is "dangerous" and "unhealthy." Unilever denies any wrongdoing. The Court did not decide which side was right, but both sides agreed to the settlement to resolve the case and benefit the Class Members.

### WHAT DOES THE SETTLEMENT PROVIDE?

The Settlement Agreement, which is available at www.noticeclass.com/redandrosensettlements, describes all of the details about the proposed settlement. The settlement will require Unilever from December 31, 2011 to December 31, 2021 to remove partially hydrogenated vegetable oils from its soft spread products, and from December 31, 2012 to December 31, 2022 to remove partially hydrogenated vegetable oils from its stick products. These terms apply to the Unilever-branded products listed above, as well as the store-labeled products that it manufactures. The Settlement consists solely of required changes to Unilever's products, including removal of partially hydrogenated vegetable oils from soft spread and stick products, and does not require Unilever to expend a particular amount of money in making those modifications.

### WHO REPRESENTS YOU?

The Court has appointed Reese Richman LLP, The Weston Firm, and Beck & Lee Business Trial Lawyers as Class Counsel. Class Counsel will request that the Court award attorney's fees and expenses that will not be paid by Class Members or from class benefits. You may hire your own attorney, if you wish; however, if you do, you will be responsible for your own attorney's fees and expenses.

### WHAT ARE YOUR OPTIONS?

If you fit within the definition of the Settlement Class, you are automatically a class member. You are not required to appear at the Final Approval Hearing.

If you do not want to be a member of the Settlement Class, you must send a written request for exclusion to Red and Rosen Settlement, P.O. Box 12943, Birmingham, Alabama 35202-2943, by **Month 00, 0000**. Your written request for exclusion must contain: (1) identification of the class action you would like to be excluded from, e.g., *Rosen* and *Red* cases; (2) your full name and current address, (3) a statement that you wish to be excluded from the Settlement Class, and (4) your signature.

If you would like to object to the settlement, you must abide by the requirements set forth at www.noticeclass.com/redandrosensettlements. Your objection must be sent to the address listed above by **Month 00, 0000**. You may also request in writing to speak at the Final Approval Hearing.

### COURT HEARING

The Court will hold the Final Approval Hearing in the cases on June 20, 2011 to consider whether to approve the settlement and a request by Class Counsel for attorney's fees and costs for $490,000 for investigating the facts, litigating the case, and negotiating the settlement; and a $4,500 service award for each of the four Plaintiffs.

### RELEASE OF CLAIMS

If the Settlement receives final approval from the Court, you and all members of the Settlement Class will have fully released and forever discharged Unilever and other released persons from all claims related to this lawsuit, as more fully set forth in the Settlement Agreement, unless you have elected to exclude yourself from the Settlement Class.

For more information, you may visit the website www.noticeclass.com/redandrosensettlements, call 1-888-878-1987, or write to Red and Rosen Settlement, P.O. Box 12943, Birmingham, Alabama 35202-2943.

Case 5:09-cv-02563-JW   Document 64   Filed 03/11/11   Page 10 of 18

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

## If you were a purchaser of a vegetable oil soft spread or stick product manufactured by Unilever, you may be part of this class action settlement

*A court authorized this notice.  This is not a solicitation from a lawyer.*

A settlement has been proposed in two lawsuits regarding the labeling and advertising practices of Unilever for its vegetable oil soft spread or stick products.  The class action lawsuits are *Rosen v. Unilever United States, Inc.*, No. C 09-02563 JW (N.D. Cal.) and *Red, et al. v. Unilever United States, Inc., et al.,* No. C-10-00387 JW (N.D. Cal.).

The United States District Court for the Northern District of California authorized this notice.  Before the settlement is final, the Court will have a hearing to decide whether to approve the settlement.

Your legal rights are affected whether you act or don't act, so please read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | | |
|---|---|---|
| **EXCLUDE YOURSELF** | This is the only option that allows you to be part of any other lawsuit, or your own lawsuit, against the Defendant about the legal claims released in this Settlement. | Must be postmarked by **Month 00, 0000**. |
| **OBJECT** | Write about why you do not like the Settlement. | Must be postmarked by **Month 00, 0000**. |
| **GO TO A HEARING** | Ask to speak in Court about the Settlement. | The Final Approval Hearing is scheduled for **June 20, 2011**. |
| **DO NOTHING** | Give up rights to be part of any other lawsuit against the Defendant about legal claims released by the Settlement. | |

- These rights and options—*and the deadlines to exercise them*—are explained in this notice.

sf-2966669

# WHAT THIS NOTICE CONTAINS

Page

WHAT THIS NOTICE CONTAINS ....................................................................................................... i

**BASIC INFORMATION** .......................................................................................................... 1

    1.     Why was this notice issued? ........................................................................................ 1
    2.     What is the lawsuit about? ........................................................................................... 1
    3.     Why is this a class action? .......................................................................................... 1
    4.     Why is there a Settlement? ......................................................................................... 1

**WHO IS IN THE SETTLEMENT?** .......................................................................................... 1

    5.     How do I know if I am part of the Settlement? ........................................................... 2
    6.     I'm still not sure if I'm included in the Settlement. .................................................... 3

**THE BENEFITS – WHAT YOU GET** ..................................................................................... 3

    7.     What are the benefits? .................................................................................................. 3
    8.     What am I giving up in exchange for the Settlement benefits? .................................. 3

**EXCLUDING YOURSELF FROM THE SETTLEMENT** ....................................................... 3

    9.     How do I exclude myself from the Settlement? .......................................................... 3

**THE LAWYERS REPRESENTING YOU** ............................................................................... 4

    10.     Do I have a lawyer in the case? ................................................................................. 4
    11.     How will the lawyers be paid? ................................................................................... 5

**OBJECTING TO THE SETTLEMENT** ................................................................................... 5

    12.     How do I tell the Court if I don't like the Settlement? ............................................. 5
    13.     What's the difference between objecting and excluding myself? ............................ 5

**THE COURT'S FINAL APPROVAL HEARING** .................................................................... 5

    14.     When and where will the Court decide whether to approve the Settlement? .......... 5
    15.     Do I have to come to the hearing? ............................................................................ 6
    16.     May I speak at the hearing? ...................................................................................... 6

**GETTING MORE INFORMATION** ........................................................................................ 6

    17.     How do I get more information? ............................................................................... 6

## BASIC INFORMATION

**1.     Why was this notice issued?**

A Court authorized this notice because you have a right to know about the proposed Settlement of this class action lawsuit, and about all of your options, before the Court decides whether to give "final approval" to the Settlement.  This notice explains the lawsuit, the proposed Settlement, and your legal rights.

Judge James Ware of the United States District Court for the Northern District of California is overseeing this class action lawsuit.  The two cases involved are *Rosen v. Unilever United States, Inc.*, Case No. C 09-02563 JW, and *Red et al. v. Unilever United States, Inc. et al*, Case No. C-10-00387 JW.  The individuals who sued are referred to as "Plaintiffs," and the company they sued, Unilever United States, Inc., is referred to as "Defendant."


**2.     What is the lawsuit about?**

The two lawsuits contend that Defendant falsely advertises its vegetable oil soft spread and stick products as "healthy" and "nutritious" when in fact they contain partially hydrogenated vegetable oils that contain trans fats, which plaintiffs claim are "dangerous" and "unhealthy."  Defendant denies the allegations and stands behind and supports its product and the representations it made about the product.


**3.     Why is this a class action?**

In a class action, one or more people called "Class Representatives" (in this case, Amnon Rosen, Evangeline Red, Jennifer Red, and Rachel Whitt) assert claims on behalf of people who have similar claims.  All of these people are a "Class" and are "Class Members."  One court resolves the issues for all Class Members, except for those who exclude themselves from the Class.


**4.     Why is there a Settlement?**

Both sides have agreed to a Settlement to avoid the cost and risk of a trial, and so that the people affected can get benefits, in exchange for releasing the Defendant from liability.  The Settlement does not mean that the Defendant broke any laws, or otherwise did anything wrong, and the Court did not decide which side was right.  The Class Representatives and the lawyers representing them think the Settlement is best for all Class Members.


## WHO IS IN THE SETTLEMENT?

To see if you are affected or if you can get benefits, you first have to determine whether you are a Class Member.

sf-2966669                                              1

**5.     How do I know if I am part of the Settlement?**

The Court decided that the Settlement Class includes all persons (excluding officers, directors, and employees of Unilever) who purchased, on or after January 1, 2000 through **Month 00, 0000 [the Preliminary Approval Date]**, one or more soft spread and/or stick products manufactured by Unilever, including private label products, containing partially hydrogenated vegetable oil or artificial trans fat. The products are:

(i)     "I Can't Believe It's Not Butter!"®;

(ii)    Brummel & Brown®;

(iii)   Imperial®;

(iv)    Shedd's Spread Country Crock®;

(v)     Willow Run® Margarine;

(vi)    Supervalu (Albertson's/Jewel/Shaw's):  Albertson's Soft, Albertson's Little Bit 'o Butter, Albertson's Spread, Albertson's 64% Spread, Albertson's Heart Healthy, Jewel 64% Spread, Shaw's 64% Spread, and Shaw's Heart Healthy;

(vii)   Kroger/Ralph's:  ChurnGold Spread, Kroger 48% Spread, Kroger 40% Value Spread, Kroger Soft, Kroger Active Lifestyle, Kroger Blend, and Ralph's 40% Value;

(viii)  Publix:  Publix 39% Spread;

(ix)    Aldi:  Countryside Creamery 48% Soft Spread, Carlini 70% Blend, Countryside Creamery 58% Blend, and Better Balance 64%;

(x)     Associated Wholesale Grocers (AWG):  Best Choice Soft, Best Choice 48% Spread, Best Choice Butter Blend, and Always Save 48% Spread;

(xi)    Olivio Premium Products:  Olivio 60% Soft Spread, Olivio Light Spread, and Olivio 60% Spread;

(xii)   Save-A-Lot:  Home Churned 48% Spread, and Home Churned 70% Blend;

(xiii)  Economy Cash 'N Carry:  Elgin 48% Spread;

(xiv)   H.E. Butt:  Hill Country Fare 48% Spread, and Hill Country Fare 39% Omega3 Spread;

(xv)    Target:  Market Pantry 48% Spread, and Market Pantry 64% Spread; and

(xvi)   Wal-Mart:  Great Value 50% Spread.

**6.     I'm still not sure if I'm included in the Settlement.**

If you are not sure whether you are included in the Settlement Class, you may call 1-888-878-1987 with questions or write to Red and Rosen Settlements, P.O. Box 12943, Birmingham, Alabama 35202-2943.

## THE BENEFITS – WHAT YOU GET

**7.     What are the benefits?**

Defendant has agreed that, from December 31, 2011 to December 31, 2021, it will remove partially hydrogenated vegetable oils from its soft spread products, and from December 31, 2012 to December 31, 2022, it will remove partially hydrogenated vegetable oils from its stick products.  These benefits apply to both the Unilever-branded products listed above, as well as the store-labeled products that Defendant manufactures.  The Settlement consists solely of required changes to Unilever's products, including removal of partially hydrogenated vegetable oils from soft spread and stick products, and does not require Unilever to expend a particular amount of money in making those modifications.

On or before December 30, 2011, Unilever is required to tender to Class Counsel a report indicating that Unilever has complied with the terms of the Class Settlement regarding the removal of partially hydrogenated vegetable oils from soft spread products listed above.  On or before December 31, 2012, Unilever is required to tender to Class Counsel a report indicating that Unilever has complied with the terms of the Class Settlement regarding the removal of partially hydrogenated vegetable oils from the stick products listed above.

**8.     What am I giving up in exchange for the Settlement benefits?**

If the Settlement becomes final, Class Members will be releasing the Defendant and related people and entities from all of the claims described and identified in the Settlement Agreement.  The Settlement Agreement is available at www.noticeclass.com/redandrosensettlements.  The Settlement Agreement describes the released claims with specific descriptions, in necessarily accurate legal terminology, so read it carefully.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you want to keep the right to sue or continue to sue the Defendant over the legal issues in this case, then you must take steps to get out of this Settlement.  This is called asking to be excluded from—sometimes called "opting out" of—the Class.

**9.     How do I exclude myself from the Settlement?**

To exclude yourself from the Settlement, you must send a letter by mail saying that you want to be excluded from *Rosen v. Unilever United States, Inc.*, No. C 09-02563 JW (N.D. Cal.) and *Red, et al. v. Unilever United States, Inc., et al.,* No. C-10-00387 JW (N.D. Cal.). Be sure to include: (1) your full name and current address; (2) a clear statement that you wish to be excluded from the Class; and (3) your signature. You cannot ask to be excluded over the phone or via the Internet. You must mail your exclusion request, postmarked no later than **Month 00, 0000**, to Red and Rosen Settlements, P.O. Box 12943, Birmingham, Alabama 35202-2943.

## THE LAWYERS REPRESENTING YOU

**10.     Do I have a lawyer in the case?**

The Plaintiff and you have been represented by a number of lawyers and several law firms that have prosecuted this case together. The Court has appointed the following lawyers to represent you and other Class Members as Class Counsel:

| |
|---|
| Michael R. Reese<br>Reese Richman LLP<br>875 Avenue of the Americas, 18th Floor<br>New York, New York 10001 |
| Gregory S. Weston<br>The Weston Firm<br>888 Turquoise Street<br>San Diego, California 92109 |
| Elizabeth Lee Beck<br>Beck & Lee Business Trial Lawyers<br>66 West Flagler Street, Suite 1000<br>Miami, Florida 33130 |

You will not be charged for these lawyers. If you want to be represented by another lawyer, you may hire one to appear in Court for you at your own expense.

**11.     How will the lawyers be paid?**

Class Counsel, on behalf of themselves and a number of other lawyers who have worked on this case, will ask the Court for attorney's fees, costs, and expenses not to exceed $490,000.  Class Counsel will also ask for a payment of $4,500, not to exceed the gross amount of $18,000, for each of the Plaintiffs who helped the lawyers on behalf of the entire Class by acting as a Class Representative.  The Court may award less than these amounts.  Defendant will pay the fees awarded.  No payment will come from Class Members.

Class Counsel will file its application on or before **Month 00, 0000**.  Once Class Counsel's application for attorney's fees and expenses is filed with the Court, you can get a copy at www.noticeclass.com/redandrosensettlements.

### OBJECTING TO THE SETTLEMENT

You can tell the Court if you don't agree with the Settlement, or some part of it.

**12.     How do I tell the Court if I don't like the Settlement?**

You can object to the Settlement, which includes Class Counsel's fee application, if you don't like some part of it.  You can give reasons why you think the Court should not approve it.  To object, send a letter saying that you object to the Settlement in *Rosen v. Unilever United States, Inc.*, No. C 09-02563 JW (N.D. Cal.) and *Red, et al. v. Unilever United States, Inc., et al.*, No. C-10-00387 JW (N.D. Cal.)*.*  You must:  (1) include your full name and current address; (2) set forth, in clear and concise terms, the legal and factual arguments supporting the objection; and (3) your signature.  You may be subject to a deposition if you object.  The objection must be mailed to Red and Rosen Settlements, P.O. Box 12943, Birmingham, Alabama 35202-2943, and postmarked on or before **Month 00, 0000**.

**13.     What's the difference between objecting and excluding myself?**

Objecting is simply telling the Court that you don't like something about the Settlement.  You can object only if you stay in the Class.  Excluding yourself is telling the Court that you don't want to be part of the Class.  If you exclude yourself, you have no basis to object because the Settlement no longer affects you.

### THE COURT'S FINAL APPROVAL HEARING

The Court will hold a hearing to decide whether to approve the Settlement.  If you have mailed an objection on time, you may attend and ask to speak, but you don't have to.

**14.     When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Final Approval Hearing at 9:00 a.m., on June 20, 2011, at the United States District Court for the Northern District of California, 17th Floor, Courtroom 5, located at 450 Golden Gate Avenue, San Francisco, California 94102.  At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate.  If there are objections, the Court will consider them.  Judge Ware will only listen to people who have asked to speak at the hearing.  The Court will also decide how much to pay the lawyers representing Class Members and the Class Representatives.  After the hearing,

the Court will decide whether to approve the Settlement. We do not know how long these decisions will take.

### 15.    Do I have to come to the hearing?

No. Class Counsel will answer any questions the Court may have, but you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. You may also pay another lawyer to attend, but it's not required.

### 16.    May I speak at the hearing?

You may ask the Court for permission to speak at the Final Approval Hearing. To do so, you must mail a "Notice of Intent to Appear." Be sure to include your name, address, telephone number, signature, and other requirements outlined in Question 12. The Notice of Intention to Appear must also include copies of any papers, exhibits, or other evidence that you or your counsel will present to the Court in connection with the Final Approval Hearing. Your Notice of Intent to Appear must be mailed no later than **Month 00, 0000**, postmarked no later than **Month 00, 0000**, and sent to Red and Rosen Settlements, P.O. Box 12943, Birmingham, Alabama 35202-2943. You cannot speak at the hearing if you exclude or have excluded yourself from the Class.

## GETTING MORE INFORMATION

### 17.    How do I get more information?

This notice summarizes the proposed Settlement. More details are in the Settlement Agreement. You can get a copy of the Settlement Agreement at www.noticeclass.com/redandrosensettlements. You may also call 1-888-878-1987 with questions or write to Red and Rosen Settlements, P.O. Box 12943, Birmingham, Alabama 35202-2943.