**IT IS SO ORDERED**
*James Ware*
Judge James Ware

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMNON ROSEN, et al., | Case No.   C-09-02563 JW |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ / | Case No.   C-10-00387 JW |
| EVANGELINE RED, et al.       / | **CLASS ACTION** |
| Plaintiffs, | |
| v. | [~~PROPOSED~~] **ORDER GRANTING FINAL APPROVAL OF SETTLEMENT AND JUDGMENT** |
| UNILEVER UNITED STATES, INC., | |
| Defendant. | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ / | Judge:  Hon. James Ware |

This matter came on for hearing upon the joint application of the Parties for approval of the settlement set forth in the Class Action Settlement Agreement and Release, dated February 18, 2011 ("Settlement Agreement").

Due and adequate notice having been given to the Class, and the Court having considered the Settlement Agreement, all papers filed and proceedings had herein, and all oral and written comments received regarding the proposed settlement, and having reviewed the record in this Litigation, and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1. The Court, for purposes of this Judgment and Order of Dismissal ("Judgment"), adopts all defined terms as set forth in the Settlement Agreement.

2. The Court has jurisdiction over the subject matter of the Litigation, the Class Representatives, the other Members of the Settlement Class, and the Defendant, and venue is proper.

3. For settlement purposes only, the Court certifies this action under Rule 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure. The certified Settlement Class is defined as follows:

> All persons (excluding officers, directors, and employees of Unilever) who purchased, on or after January 1, 2000 through March 11, 2011, one or more soft spread and/or stick products manufactured by Unilever, including private label products, containing partially hydrogenated vegetable oil or artificial trans fat.

4. The Court reaffirms the appointment of Reese Richman LLP, The Weston Firm, and Beck & Lee Business Trial Lawyers as Class Counsel, and reaffirms the appointment of Amnon Rosen, Evangeline Red, Jennifer Red, and Rachel Whitt as Class Representatives.

5. The Court concludes that, for the purposes of approving this settlement only, the Settlement Class, Class Counsel, and the Class Representatives satisfy the requirements of Rule 23(a), Rule 23(b)(2), and Rule 23(g) of the Federal Rules of Civil Procedure. Specifically, the Court finds: (a) the proposed Settlement Class is ascertainable and so numerous that joinder of all Members of the Settlement Class is impracticable; (b) there are questions of law or fact common to the proposed Settlement Class, and there is a well-defined community of interest

1  among members of the proposed Settlement Class with respect to the subject matter of the
2  Litigation; (c) the claims of Named Plaintiffs Amnon Rosen, Evangeline Red, Jennifer Red, and
3  Rachel Whitt are typical of the claims of the members of the proposed Settlement Class;
4  (d) Named Plaintiffs Amnon Rosen, Evangeline Red, Jennifer Red, and Rachel Whitt and the
5  Class Counsel will fairly and adequately protect the interests of the Members of the Settlement
6  Class; (e) Unilever has engaged in a pattern of behavior subject to injunctive relief; (f) injunctive
7  relief predominates over monetary damages; and (g) Class Counsel will fairly and adequately
8  represent the interest of the Settlement Class.

9        6.     The Court finds that the distribution of the Notice to Class Members as provided
10 for in the Order Granting Preliminary Approval for the Settlement constituted the best notice
11 practicable under the circumstances to all Persons within the definition of the Class, and fully met
12 the requirements of due process under the United States Constitution.  The Members of the
13 Settlement Class have received proper notice of:  (a) the Settlement Agreement; (b) the Final
14 Approval Hearing; (c) Class Counsel's intention to seek attorney's fees and expenses and
15 compensation for the Named Plaintiffs; (d) each class member's right to exclude itself from the
16 Settlement Class; and (e) each class member's right to object to the proposed settlement and to
17 Class Counsel's application for attorney's fees and expenses for compensation for Named
18 Plaintiffs.

19       7.     Based on evidence and other material submitted in conjunction with the Final
20 Approval Hearing, the notice to the class was adequate.

21       8.     The Court finds in favor of settlement approval.

22       9.     The Court approves the settlement of the above-captioned action, as set forth in the
23 Settlement Agreement, each of the releases, and other terms as fair, just, reasonable, and adequate
24 as to the Settling Parties.  The Settling Parties are directed to perform in accordance with the
25 terms set forth in the Settlement Agreement.

26       10.    The Court reaffirms its finding that proper and timely notice has been provided
27 under 28 U.S.C. § 1715.

28       11.    The Court finds that the requirements set forth in *In re Mercury Interactive Corp.*

1  *Sec. Litig.*, 618 F.3d 988 (9th Cir. 2010), have been satisfied with regard to Class Counsel's
2  application for attorney's fees and expenses.

3        12.    Except as to any individual claim of those persons (identified in Attachment A
4  hereto) who have validly and timely requested exclusion from the Class, all of the Released
5  Claims are dismissed with prejudice as to the Class Representatives and the other Members of the
6  Class. The Settling Parties are to bear their own attorney's fees and costs, except as otherwise
7  provided in the Settlement Agreement.

8        13.    Solely for purposes of effectuating this settlement, this Court has certified a class
9  of all Members of the Settlement Class, as that term is defined in and by the terms of the
10 Settlement Agreement.

11       14.    By this Judgment, the Class Representatives shall release, relinquish, and
12 discharge, and each of the Settlement Class Members shall be deemed to have, and by operation
13 of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all
14 Released Claims and Unknown Claims, including, without limitation, any and all claims and
15 causes of action by Members of the Settlement Class: (a) that arise from *Rosen v. Unilever*
16 *United States, Inc.*, No. C 09-02563 JW (N.D. Cal.); *Red et al. v. Unilever United States, Inc. et*
17 *al*, No. C-10-00387 JW (N.D. Cal.); and *Young v. Conopco, Inc.*, No. C 10-03772 CBA LB
18 (E.D.N.Y.), on behalf of themselves and all others similarly situated; (b) that arise from all Soft
19 Spread and Stick Products manufactured by Defendant, including Private Label Products, that
20 were brought or could have been brought in either an individual or representative capacity against
21 Defendant in the Litigation; or (c) that were or could have been asserted under California's unfair
22 competition law (Cal. Bus. & Prof. Code § 17200), false advertising law (*id*. § 17500), Consumer
23 Legal Remedies Act (Civ. Code § 1750 *et seq.*), common law unfair competition, and/or the
24 Lanham Act (15 U.S.C. § 1125), based on alleged false or misleading advertising on product
25 labels and marketing on all Soft Spread and Stick Products manufactured by Defendant, including
26 Private Label Products during the Class Period. Plaintiffs' Released Claims also include, but are
27 not limited to, all claims, actions, causes of action, suits, debts, sums of money, payments,
28 obligations, reckonings, contracts, agreements, executions, promises, damages, penalties,

1  attorney's fees and costs, liens, judgments, and demands whatsoever, both at law and in equity, against Plaintiffs' Released Persons, whether past, present, or future, mature or not yet mature, known or unknown, suspected or unsuspected, based on federal, state, or local law, statute, ordinance, regulations, contract, common law, or any other source, that was or could have been asserted by the Named Plaintiffs or any Class Member relating to the alleged false or misleading advertising on product labels and marketing, packaging, and/or promotion on all Soft Spread and Stick Products manufactured by Defendant, including the Private Label Products.  Plaintiffs' Released Claims do not include claims for personal injury.

15.  Neither the Settlement Agreement, nor any act performed or document executed pursuant to or in furtherance of the settlement:  (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of Plaintiffs' Released Persons; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of the Plaintiffs' Released Persons in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  The Plaintiffs' Released Persons may file the Settlement Agreement and/or the Judgment from this Litigation in any other action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

16.  Class Counsel hereby receives an award of $490,000.00 for all attorney's fees and allowable Litigation costs and expenses to be distributed as follows:   $205,514.61 to Reese Richman LLP; $161,859.44 to The Weston Firm; $111,625.95 to Beck & Lee Business Trial Lawyers; and, $11,000.00 to Special Master George C. Fisher.  Special Master Fisher is hereby ordered to pay these amounts from the money held by him in trust pursuant to the Court's previous order.  Class Counsel's receipt of the amount stated in this paragraph shall constitute full satisfaction of any claim for fees and/or costs.  The Court finds that this arrangement is fair and reasonable.

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF SETTLEMENT
CASE NOS. C-09-02563 JW, C-10-00387 JW
sf-3002732

4

17. Class Representatives are hereby awarded the following amounts for their time and costs incurred in serving as Class Representatives: Amnon Rosen – $4,500.00, Evangeline Red – $4,500.00, Jennifer Red – $4,500.00, and Rachel Whitt – $4,500.00. Special Master Fisher is hereby ordered to pay these amounts from the money held by him in trust pursuant to the Court's previous order.

18. The Court reaffirms its previous order regarding the Parties' communication concerning the settlement, and directs the Parties to the Settlement Agreement and their counsel shall not make any public statements regarding the settlement, unless as otherwise allowed for in the Settlement Agreement.

19. The Court reserves exclusive and continuing jurisdiction over the Litigation, the Class Representatives, the Settlement Class, and Defendant for the purposes of supervising the implementation, enforcement, construction, administration, and interpretation of the Settlement Agreement and this Judgment and to resolve any and all disputes that may arise thereunder.

20. If the settlement is terminated for any reason, this Judgment shall become null and void and shall be without prejudice to the rights of the Parties to the Settlement Agreement, all of whom shall be restored to their previous positions in accord with Section 11.2 of the Settlement Agreement.

21. This Order shall not be construed or used as an admission, concession, or declaration by or against Defendant of any finding of fault, wrongdoing, or liability. This Order shall not be construed or used as a waiver or admission as to any arguments or defenses that might be available to Defendant, including objections to class certification in the event that the Settlement Agreement is terminated.

22. This document shall constitute a judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure. Final Judgment in this action is hereby entered. All claims asserted by Plaintiffs in the Litigation are dismissed on the merits with prejudice.
The Clerk shall close this file.

DATED: June 21, 2011

_____
HONORABLE JAMES WARE
United States District Court Judge

Approved to and Jointly Submitted the 16th day of June, 2011 by:

**REESE RICHMAN LLP**
*/s/ Michael R. Reese*
Michael R. Reese

**THE WESTON FIRM**
*/s/ Gregory S. Weston*
Gregory S. Weston

**BECK & LEE BUSINESS TRIAL LAWYERS**
*/s/ Elizabeth Lee Beck*
Elizabeth Lee Beck

*Counsel for Plaintiffs and the Class*

**MORRISON & FOERSTER LLP**

*/s/ Janelle J. Sahouria*
Janelle J. Sahouria

*Counsel for Defendant Unilever United States, Inc.*

**ECF ATTESTATION**

I, MICHAEL R. REESE, am the ECF User whose ID and password are being used to file the following document: [PROPOSED] ORDER GRANTING FINAL APPROVAL OF SETTLEMENT. In compliance with General Order 45, X.B., I hereby attest that Elizabeth Lee Beck, Gregory S. Weston, and Janelle J. Sahouria have concurred in this filing.

Dated: June 16, 2011          */s/ Michael R. Reese*
                              Michael R. Reese

## **ATTACHMENT A**

1. Jimmy Simeona Malo, # F79825, CRC Dorm 307-23L, P.O. Box 3535, Norco, CA 92860.
2. Jerry Maimone, # 1355912, Micheals, 2664 FM 2054, Tenn Colony, TX 75886.
3. Owen F. Silvious, # 16497077, FCI-2 Butner, PO Box 1500, Butner, NC 27509.
4. Curtis Young, # 363850, 13617 SE HWY 70, Arcadia, FL 34266.